BRUNOT, J.
 

 The appellant was prosecuted for a violation of the Hood Act (Act No. 39 of 1921 [Ex. SessJ), the specific charge being “possessing intoxicating liquor for sale for beverage purposes.” He was tried, convicted, and sentenced for the offense, and, from the verdict and sentence, he appealed.
 

 Appellant has not followed up the appeal. He has made no appearance here, has not filed a brief in the case, and there is no error patent on the face of the record.
 

 We find two bills of exception in the record.
 

 Bill No. 1 was reserved to the overruling of an objection by appellant’s counsel to the following question the district attorney asked a state witness:
 

 “But I mean at that time you were friendly with him, weren’t you?”
 

 The bill recites that counsel’s objection to the foregoing question is based upon the following ground:
 

 “You cannot prove the relationship existing between the prosecuting witness and the defendant at one time to prove an offense alleged to have been committed at another time.”
 

 The testimony attached to the bill of exception shows that the witness is a negro. This negro purchased a bottle of whisky from defendant, and, as he left defendant’s premises, he was halted by deputy sheriffs and his liquor was seized. The officers then gave the negro $1.50, and instructed him to buy another bottle of whisky from defendant. The purchase was made, and the arrest of the defendant followed. After testifying, as stated, the district attorney asked the witness if he was not friendly with the defendant at the time of the purchase of the whisky. It was to this question that counsel for the defendant objected.
 

 We can see no merit in the objection. The witness had been caught with a bottle of whisky. He explained the circumstances under which and named the person from whom he got the whisky. It was proper for the district attorney to show that the witness was not actuated by malice, prejudice, or other improper motive.
 

 Bill No. 2 was reserved to the overruling of a motion for a new trial. The motion merely alleges that the “verdict is contrary to the law and the evidence.” This court has so often held that such a motion presents nothing for review that we consider it unnecessary to cite authority.
 

 The verdict and sentence are affirmed.